# Exhibit A

# State Court Pleadings

# DISTRICT COURT CIVIL COVER SHEET

WASHOE County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

FILED
Electronically
CV21-00929
2021-05-18 11:36:20 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8450440 : yviloria

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Francisco Ibarra-Gonzalez | MTM Transit, LLC; Does I through X; and Roe Entities I through X, inclusive |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Adriana G. Fralick, Esq. | unknown |
| 1699 S. Virginia St., Ste. 202 | |
| Reno, NV 89502 | |
| 775-453-9595 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer (UD) | ☒ Auto (VP) | ☐ Product Liability (PL) |
| ☐ Other Landlord/Tenant (LT) | ☐ Premises Liability (SF) | ☐ Intentional Misconduct (IM) |
| **Title to Property** | ☐ Other Negligence (NO) | ☐ Employment Tort (WT) |
| ☐ Judicial Foreclosure (FC) | **Malpractice** | ☐ Insurance Tort (IN) |
| ☐ Other Title to Property (OT) | ☐ Medical/Dental (MD) | ☐ Other Tort (TO) |
| **Other Real Property** | ☐ Legal (LG) | |
| ☐ Condemnation/Eminent Domain (CD) | ☐ Accounting (AG) | |
| ☐ Other Real Property (RO) | ☐ Other Malpractice (MG) | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration (SU) | ☐ Chapter 40 (CQ) | ☐ Foreclosure Mediation Case (FO) |
| ☐ General Administration (FA) | ☐ Other Construction Defect (CF) | ☐ Petition to Seal Records (PS) |
| ☐ Special Administration (SL) | **Contract Case** | ☐ Mental Competency (MT) |
| ☐ Set Aside (SE) | ☐ Uniform Commercial Code (UN) | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship (TN) | ☐ Building and Construction (BC) | ☐ Department of Motor Vehicle (DM) |
| ☐ Other Probate (OP) | ☐ Insurance Carrier (BF) | ☐ Worker's Compensation (SI) |
| **Estate Value** | ☐ Commercial Instrument (CI) | ☐ Other Nevada State Agency (ON) |
| ☐ Over $200,000 | ☐ Collection of Accounts (CT) | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract (EC) | ☐ Appeal from Lower Court (CA) |
| ☐ Under $100,000 or Unknown | ☐ Other Contract (CO) | ☐ Other Judicial Review/Appeal (AO) |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus (HB) | ☐ Writ of Prohibition (WP) | ☐ Compromise of Minor's Claim (CM) |
| ☐ Writ of Mandamus (WM) | ☐ Other Civil Writ (WO) | ☐ Foreign Judgment (FJ) |
| ☐ Writ of Quo Warrant (WQ) | | ☐ Other Civil Matters (GC) |

*Business Court filings should be filed using the Business Court civil coversheet.*

May 17, 2021                              [signature]
Date                                       Signature of initiating party or representative

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275 \ Rev 3.1 \ July 1, 2014

Form PA 201
Rev 3.1

F I L E D
Electronically
CV21-00929
2021-05-18 11:36:20 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 8450440 : yviloria

ADRIANA GUZMÁN FRALICK, ESQ.
NV Bar No. 9392
AGF LAW
1699 S. Virginia Street, Suite 202
Reno, Nevada 89502
775-453-9595 | 775-453-9778 fax
E-Mail: adriana@adrianalawnevada.com
*Attorney for Plaintiff*

## IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| FRANCISCO IBARRA-GONZALEZ, | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | |
| MTM TRANSIT, LLC; DOES I through X; and ROE ENTITIES I through X, inclusive, | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff, by and through his attorney of record, ADRIANA GUZMÁN FRALICK, ESQ. of AGF Law, and for his Complaint against Defendants, and each of them, states, asserts, and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, FRANCISCO IBARRA-GONZALEZ, is and was, at all times relevant to these proceedings, a resident of Reno, State of Nevada.

2. Upon information and belief, Defendant MTM TRANSIT, LLC ("MTM"), is and was, at all times relevant to these proceedings, a Missouri Foreign Limited-Liability Company continually doing business in the State of Nevada.

3. Upon information and belief, Defendants DOES I through X and ROE ENTITIES I through X, are and were, at all times relevant to these proceedings, residents of Reno, State of Nevada.

1

4. The true names and capacities of Defendants named herein as DOES I through X, and ROE ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said Defendants so designated herein by fictitious names. Plaintiff is informed and believes and therefore alleges that DOES I through X, and ROE ENTITIES I through X are responsible in some manner for the events and occurrences referred to herein and caused damages proximately to Plaintiff as alleged herein. Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of DOES I through X, and ROE ENTITIES I through X, when the same have been ascertained, and join such Defendants in this action together with the proper charging allegations.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein were agents, servants, employees, or joint ventures of every other Defendant herein and, at all times mentioned herein, were acting within the course and scope of said agency, employment, or joint venture with knowledge, permission, and consent of all other named Defendants. Pursuant to NRS 41.130, said Defendants' negligence is imputed to every other Defendant herein.

6. Specifically, upon information and belief, Defendant DOES I was the driver of the transport vehicle and an employee of Defendant MTM or MTM ratified the conduct of said driver actually or implicitly and therefore, is responsible for driver's actions under the doctrine of Respondeat Superior at the time of the subject incident on or about December 3, 2020.

7. Upon information and belief, Defendant DOES I, while acting by and through Defendants and each of them, was obligated to adhere to its operating procedures, rules, regulations, instructions, and other written documents to ensure the safety of its passengers, including Plaintiff's.

8. At all times relevant herein, Plaintiff believes Defendant MTM was at all times mentioned in this Complaint, persons and/or entities who managed, controlled, maintained, inspected, leased, and/or owned the transport vehicle at issue in this Complaint wherein Plaintiff was a passenger.

9. On or about December 3, 2020, Plaintiff was a passenger in the transport vehicle

2

owned and operated by MTM that was transporting Plaintiff from his dialysis treatment at DaVita Dialysis Reno to his home.

10. On or about December 3, 2020, the transport vehicle owned and operated by MTM, was parked at the Plaintiff's apartment complex located at 446 Kirman Avenue, Reno, Nevada for purposes of delivering Plaintiff to his home after his scheduled dialysis appointment.

11. At the same time and place, Defendant DOES I negligently failed to use due care by leaving Plaintiff unattended at the time of exiting the transport vehicle, such that while being in wheelchair status, control was lost, and Plaintiff fell violently to the ground.

12. As a result of the above-described incident, Plaintiff suffered severe orthopedic injuries and is sequelae.

## JURISDICTIONAL STATEMENT

13. The Second Judicial District Court has jurisdiction of this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130, as the occurrence giving rise to this matter took place in Reno, Nevada, and the amount in controversy is in excess of $15,000.00.

## FIRST CLAIM FOR RELIEF

### (Negligence)

14. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

15. On or about December 3, 2020, Plaintiff was a passenger in a transport vehicle owned and operated by MTM.

16. Upon information and belief, Plaintiff had utilized the services of MTM for transport between Plaintiff's home and DaVita Reno Dialysis Center numerous times before the negligent incident claimed in this matter.

17. Upon information and belief, Defendant DOES I, the driver of said transport vehicle, was acting by and through Defendant MTM and in the course and scope of his employment.

18. Upon information and belief, Defendants knew or should have known that Plaintiff was orthopedically compromised, blind, hearing impaired, and not fluent in the English language.

3

19. Defendant DOES I, acting by and through Defendants and each of them, owed a heightened duty of care to transport Plaintiff in a careful and prudent manner.

20. Defendants breached said heightened duty of care in failing to attend to Plaintiff which was the cause in fact and proximate cause of all damages alleged herein.

21. Plaintiff suffered general damages, including but not limited to, severe fractures to his hip and femur, exacerbation of his pre-existing renal decease, mental anguish, pain, suffering, loss of enjoyment of life, past, present, and future, all in an amount in excess of $15,000.00.

22. Plaintiff has suffered special damages, including but not limited, to past, present, and future all in an amount in excess of $15,000.00.

23. The medical specials to date far exceed the jurisdictional criteria for the arbitration program of the Second Judicial District Court and should be exempt from it. The present medical specials far exceed $100,000.00.

24. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

### SECOND CLAIM FOR RELIEF

**(Negligence Per Se)**

25. Plaintiffs repeat and reallege the allegations above, as though fully set forth herein.

26. At all times relevant herein, Defendant DOES I and employees named as DOES and ROE ENTITIES herein, were employees and/or agents of Defendant MTM, and were acting within the course and scope of their employment.

27. MTM had a duty to train and instruct its employees and agents it allows to transport disabled people typical of Plaintiff.

28. Upon information and belief, Plaintiff asserts that Defendants possessed and were obligated to adhere to Defendants' own operating procedures, rules, regulations, instructions, and other written documents ensuring the safety of its passengers, including that of Plaintiff.

29. Plaintiff is the type of person intended to be protected by said operating procedures, rules, regulations, instructions, and other written documents and the injuries Plaintiff suffered were the type to be protected against and by said rules.

30. Upon information and belief, Defendants violated their own operating procedures, rules, regulations, instructions, and other written documents causing Defendants to be negligent per se.

31. Plaintiff suffered general damages, including but not limited to, severe fractures to his hip and femur, exacerbation of his pre-existing renal decease, mental anguish, pain, suffering, loss of enjoyment of life, past, present, and future, all in an amount in excess of $15,000.00.

32. Plaintiff suffered special damages, including but not limited to, past, present, and future all in an amount in excess of $15,000.00.

33. The medical specials to date far exceed the jurisdictional criteria for the arbitration program of the Second Judicial District Court and should be exempt from it.

34. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on all claims for relief against Defendants, and each of them, as follows:

1. General damages for Plaintiff's pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of $15,000.00.
2. Special damages for Plaintiff's medical expenses, and other related expenses in an amount in excess of $15,000.00.
3. Compensatory damages in an amount in excess of $15,000.00.
4. Costs of suit incurred including reasonable attorney's fees.

//
//
//
//
//
//

5.  For such other relief as the Court deems just and proper.

DATED this 17th day of May 2021.

                                                  AGF LAW

ADRIANA G. FRALICK, ESQ.
AGF LAW
1699 S. Virginia Street, Ste. 202
Reno, Nevada 89502
775-453-9595 | 775-453-9778 fax
adriana@adrianalawnevada.com
*Attorney for Plaintiff*

# AFFIRMATION

## Pursuant to NRS 239B.030 and 603A.040

The undersigned does hereby affirm that the preceding document, COMPLAINT, does not contain the personal information of any person.

Dated this ____ of May, 2021.

_____
ADRIANA G. FRALICK, ESQ.
AGF LAW
1699 S. Virginia Street, Ste. 202
Reno, Nevada 89502
775-453-9595 | 775-453-9778 fax
adriana@adrianalawnevada.com
*Attorney for Plaintiff*

Code: 4085

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

FRANCISCO IBARRA-GONZALEZ,

      Plaintiff,

vs.

MTM TRANSIT, LLC; DOES I through X; and ROE ENTITIES I through X, inclusive,

      Defendants.

Case No.: CV21-00929
Dept. No.: 7

## SUMMONS

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 21 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint has been filed by the plaintiff against you for the relief as set forth in that document (see complaint).

1. If you wish to defend this lawsuit, you must, within 21 days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, **a formal written answer** to the complaint, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff(s), and this Court may enter a judgment against you for the relief demanded in the complaint.

Dated this __18th__ day of May, 2021.

Issued on behalf of Plaintiff(s):
Adriana G. Fralick, Esq.
AGF Law
1699 S. Virginia Street, Ste. 202
Reno, NV 89502
775-453-9595
adriana@adrianalawnevada.com

ALICIA L. LERUD
CLERK OF THE COURT

By:/S/YVILORIA
Deputy Clerk
Second Judicial District Court
75 Court Street, Reno, NV 89501

1