UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| THE ESTATE OF FRANCISCO IBARRA-GONZALEZ, DECEASED, by and through Special Administrator and Personal Representative, LUIS A. CASILLAS, | Case No. 3:21-cv-00260-LRH-WGC |
| Plaintiff, | ORDER |
| v. | |
| MTM TRANSIT, LLC, | |
| Defendant. | |

Plaintiff, The Estate of Francisco Ibarra-Gonzalez, Deceased, by and through Special Administrator and Personal Representative, Luis. A. Casillas ("Casillas") and Defendant MTM Transit, LLC ("MTM") have filed 3 motions: MTM filed a motion to dismiss Casillas' second cause of action for negligence per se (ECF No. 4) and Casillas filed a motion to dismiss the petition for removal (ECF No. 17), as well as a motion to amend/correct the petition for removal (ECF No. 19). The parties have responded and replied to all motions. For the reasons articulated in this Order, the Court grants the motion to dismiss the second cause of action, denies the motion to dismiss the petition for removal, and denies the motion to amend/correct the petition for removal.

I.   **BACKGROUND**

This action concerns state tort claims alleged against MTM on behalf of the Estate of Francisco Ibarra-Gonzalez represented by Luis A. Casillas. ECF No. 1-1.

Various procedural facts are important to this Order. First, on June 8, 2021, MTM removed this action, based upon diversity jurisdiction, from the Second Judicial District Court in and for

1

the County of Washoe, Nevada, Case No. CV21-00929 ("first state court action"). Second, on June 9, 2021, MTM filed a motion to dismiss the second cause of action for negligence per se. ECF No. 4. Lastly, on July 30, 2021, MTM identified Ramon Robles ("Robles") as an employee-witness in its initial disclosures to Casillas.

Upon the identification of Robles, Casillas filed two motions: (1) to dismiss the petition for removal as this Court now lacked diversity jurisdiction (ECF No. 17); and (2) to amend/correct the petition for removal and add Robles as a defendant and include new causes of action. (ECF No. 19).[1] Notably, the former motion is dependent on the success of the latter motion. Furthermore, on August 30, 2021, Casillas commenced a new action in the Second Judicial District Court in and for the County of Washoe, Nevada, Case No. CV21-01587 ("second state court action") which identified Robles as a defendant.

## II.    LEGAL STANDARD

### A.  Motion to Dismiss

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* FED. R. CIV. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[1] The motion to amend/correct the petition for removal also asked this Court to substitute Mr. Luis A. Casillas, the Special Administrator and Personal Representative for the estate of Plaintiff Francisco Ibarra-Gonzalez, in the place of Ibarra Gonzalez upon suggestion of his death. The Court, already granting this request in a separate order (ECF No. 32), finds that this aspect of Casillas' motion is moot.

2

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion— even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**B.  Motion to Amend**

"Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." *Khoshnood v. Bank of Am.*, CV 11–04551 AHM FFMX, 2012 WL 751919, at *1 (C.D. Cal. 2012); *see, e.g., Clinco v. Roberts*, 41 F.Supp.2d 1080, 1088 (C.D. Cal. 1999); s*ee also IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) (recognizing that diversity-destroying amendment is analyzed under § 1447(e) and requires higher scrutiny than does amendment generally). The

1    standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is

2    set forth in 28 U.S.C. § 1447(e) which states:

3        If after removal the plaintiff seeks to join additional defendants whose joinder
         would destroy subject matter jurisdiction, the court may deny joinder, or permit

4        joinder and remand the action to the State court.

5        Courts have discretion to consider the following factors when ruling on a motion that would

6    destroy diversity jurisdiction, as discussed in *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016 (C.D.

7    Cal. 2002):

8        (1) whether the party sought to be joined is needed for just adjudication and would
         be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of

9        limitations would prevent the filing of a new action against the new defendant in
         state court; (3) whether there has been an unexplained delay in seeking to join the

10       new defendant; (4) whether plaintiff seeks to join the new party solely to defeat
         federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff;

11       (6) the strength of the claims against the new defendant.

12   *Id.* at 1020; *see also Addison v. Countrywide Home Loans, Inc.*, 2:10–CV–1304–LDG–PAL, 2011

13   WL 146516, at *5 (D. Nev. 2011). "Any of the factors might prove decisive, and none is an

14   absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, C 09–03823 SI, 2010

15   WL 2680800, at *3 (N.D. Cal. 2010).

16   **III.   DISCUSSION**

17       The Court first addresses MTM's motion to dismiss, and then Casillas' motion to amend.

18   As detailed below, the Court need not address the substance of Casillas' motion to dismiss.

19       **A.  Motion to Dismiss**

20       MTM argues in its motion to dismiss that under Nevada law, negligence per se is not an

21   independent cause of action but is merely a method to establish the duty and breach elements of a

22   negligence claim. ECF No. 4. MTM additionally argues that Casillas has failed to identify a

23   statutory violation as required by a negligence per se claim. *Id.* In response, Casillas contends that

24   any questions surrounding the negligence per se claim should be preserved for a time after some

25   discovery has been completed to determine whether MTM's driver violated any statutory

26   provisions. ECF No. 28. In its reply, MTM claims that Casillas' response proves that the

27   negligence per se claim is merely a "fishing expedition" for facts never alleged. ECF No. 31.

28

4

The Court finds that negligence per se is not an appropriate independent cause of action. Nevada law is quite clear that negligence and negligence per se "are in reality only one cause of action…. Negligence per se is only a method of establishing the duty and breach elements of a negligence claim." *Cervantes v. Health Plan of Nev., Inc.*, 263 P.3d 261, 264 n.4 (Nev. 2011), *reh'g denied*, Jan. 23, 2012. Still, Casillas may use a negligence per se to prove duty and breach in his separate negligence cause of action if a relevant statutory violation is identified. Accordingly, insomuch as Casillas' pleads a separate cause of action based on negligence per se, such an action fails as a matter of law and is therefore dismissed with prejudice.

**B.  Motion to Amend**

Upon learning of Robles involvement in this matter, Casillas first filed a motion to dismiss the petition for removal on the premise that this Court now lacked diversity jurisdiction. ECF No. 18. However, this motion was premature as Robles was not yet included as a party in this matter, and Casillas subsequently filed a motion to amend the petition for removal to include Robles as a necessary party and to add additional causes of action against him and MTM. ECF No. 19. In its response, MTM contends that (1) Casillas failed to identify his newly proposed causes of action in his motion to amend, and (2) Casillas is seeking to include Robles for the sole purpose of destroying this Court's jurisdiction. Each of MTM's arguments is addressed in turn.

1.  New Causes of Action

According to this Court's Local Rules of Practice, unless the Court orders otherwise, a plaintiff must submit a proposed amended complaint along with a motion to amend so a Court may evaluate the new proposed causes of action. LR 15–1(a). Here, however, Casillas attached a copy of the complaint from the second state court action rather than a properly redlined federal complaint. ECF No. 19-1. MTM argues this oversight is fatal to Casillas' motion to amend the complaint to include new causes of action.

While the Court cautions Casillas to follow the Local Rules of Practice more carefully going forward, the Court does not view the omission as dispositive. The state court complaint attached to Casillas' original motion to amend tracks exactly with the redlined federal complaint that Casillas eventually attached to his reply brief. *Compare* ECF No. 19-1 *with* ECF No. 30-1.

The Court was well aware of what new proposed causes of action Casillas sought when he first filed his motion to amend. Accordingly, the Court will not deny Casillas' motion to amend on this basis.

Nevertheless, the Court will still not grant leave for Casillas to add additional causes of action—specifically negligent entrustment and negligent hiring—as those claims are regularly seen as redundant of vicarious liability unless punitive damages are sought. *See, e.g.*, *Adele v. Dunn*, 2:12-cv-00597-LDG-2013 WL 1314944, at *2 (D. Nev. 2013) (finding that "…in situations in which a motor carrier admits vicarious liability for the conduct of a driver, direct claims of negligent entrustment or negligent training…would be disallowed where those claims are rendered superfluous by the admission of vicarious liability"); *but see*, *Terrell v. Central Washington Asphalt, Inc.*, 168 F. Supp. 3d 1302, 1312–13 (D. Nev. 2016) (holding that in certain situations "…[a] negligent entrustment claim is not duplicative of [a defendant's] vicarious liability…because the evidence of [a defendant's] alleged negligent entrustment may lead the jury to award a different amount of punitive damages against the employer."). MTM readily admits vicarious liability in its briefing and Casillas is not seeking punitive damages in his amended complaint. Accordingly, for these reasons, the Court will deny Casillas' motion to amend to include new causes of action against MTM.

### 2. Addition of Robles as a New Party

Casillas maintains that Robles is a necessary party to the litigation, and that his addition is not solely to destroy diversity jurisdiction, but rather, to ensure Casillas is not prejudiced by his absence. Still, because amendment of the complaint to include Robles would add a diversity-destroying party, the Court must examine whether amendment is proper under 28 U.S.C. 1447(e) and the *Boon* factors.

#### i.     Just Adjudication

The Court considers whether Robles is necessary for just adjudication of Casillas' claims under Fed. R. Civ. P. 19(a). Rule 19(a) "requires joinder of persons whose absence would preclude the complete relief, impede their ability to protect their interests, or subject a party to risk of incurring inconsistent obligations." FED. R. CIV. P. 19(a); *see also Yang v. Swissport USA, Inc.*,

Case No. C 09-03823 SI., 2010 WL 2680800, *3 (C.D. Cal. 2010). Importantly, "[t]his standard is met when failure to join will lead to separate and redundant actions but is not met when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Boon*, 229 F. Supp. 2d at 1023 (internal quotation marks omitted).

In this case, MTM admits Robles was within the course and scope of his employment at the time of the accident, and that it is "is responsible for [Robles'] actions under the doctrine of respondent superior at the time of the subject incident on or about December 3, 2020." ECF No. 1-1, at 4. When an employer is vicariously liable for its employee, "the employee is not necessary to the litigation." *Lopez v. Kroger Co.*, Case No. 2:16-cv-02457-KJD-PAL, 2017 WL 3142471, at *2 (D. Nev. July 24, 2017) (internal citation omitted) (holding that all allegations against the employee could be charged against the employer, and therefore "Plaintiff would not suffer any prejudice if the employee was not a named defendant."). Accordingly, because MTM admits vicarious liability if Robles was negligent, Robles is not a necessary party who would deprive Casillas from obtaining complete and adequate relief. This factor weights against amendment.

## ii. Statute of Limitations

Denial of Casillas' motion to amend will not prejudice Casillas as he has until December 3, 2022 to file a complaint in state court. NRS 11.190(e) (two-year statute of limitations). Moreover, Casillas has already filed a claim against Robles in state court. ECF No. 19-1 (the second state court complaint). This factor weighs against amendment.

## iii. Untimely Delay

The Court finds no untimely delay in the filing of the motion to amend. While Casillas did file the motion a little over a month after Robles was identified as a party, it still was within the parameters of the Scheduling Order. In addition, the Court recognizes that, in the face of Ibarra-Gonzalez's hospitalization and the ongoing COVID-19 pandemic, reasonable delay is excusable in certain instances. This factor does not weigh against amendment.

Still, the Court cautions Casillas against filing motions that are dependent on the success of yet to be filed motions. *See* ECF No. 17.

///

7

### iv.     Motive for Amendment

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). The Ninth Circuit holds that "a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* (internal citation omitted).

Here, MTM asks the Court to question Casillas' motive to amend, arguing it is solely to destroy diversity jurisdiction. ECF No. 26, at 8. Casillas argues no such motive exists, and that Robles is a required party. ECF No. 30, at 3. In this instance, when the motion to dismiss the petition for removal was filed over a week before the motion to amend to add Robles as a diversity-destroying party, the Court finds that a motive to destroy diversity jurisdiction exists. *Compare* ECF No. 17 (motion to dismiss) *with* ECF No. 19 (motion to amend). Based on the foregoing case law, this factor weighs against amendment.

### v.     Prejudice to Plaintiff

A Court must also consider whether significant prejudice to plaintiff would result from the denial of amendment. Courts have found prejudice where a plaintiff is required "to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing [their] potential claims against [the new party]." *IBC*, F. Supp. 2d at 1013.

Here, denial of the motion would not necessarily lead to redundant litigation arising out of the same facts. For one, if Casillas can prove that Robles acted wrongfully, then MTM would be vicariously liable. As such, Robles has no inherent interest in the outcome of the case, and Casillas will not be denied complete relief. In addition, no matter whether Robles is a party to the litigation, the Court expects that he will be available throughout discovery to be examined about his involvement in the accident. Based on these considerations, this factor weighs against amendment

### vi.     Merits of New Claims

Lastly, Courts must consider whether the claim(s) sought to be added seem meritorious. *See Clinco*, 41 F. Supp. 2d at 1083 (citations omitted). Here, in his proposed amended complaint,

Casillas realleges his negligence claims against Robles as an employee of MTM working within the course and scope of his employment. ECF No. 30-1. While the Court does not have a sufficient evidentiary record to evaluate the merits of the new claims, the proposed amended complaint does not state any new cause of action against Robles in his individual capacity. *Id.* Again, MTM would be vicariously liable for any new cause of action alleged against Robles. This redundancy weighs against joinder.

Weighing the six factors together, the Court finds that permitting the diversity-destroying amendment of Robles is inappropriate. MTM admits Robles' involvement in this matter because of his alleged conduct as an employee. As such, Robles is not a necessary party. Furthermore, the Court has concerns regarding the motive of Casillas' motion to amend to add Robles as a diversity-destroying party and finds that denial of the motion will not prejudice Casillas for the reasons stated herein. Because the Court denies the motion to amend, it also denies Casillas' motion to dismiss the petition for removal as no diversity-destroying party is present.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that MTM's motion to dismiss with prejudice Casillas' second cause of action for negligence per se (ECF No. 4) is **GRANTED**.

IT IS FURTHER ORDERED that Casillas' motion to amend/correct the petition for removal to add Robles as a party (ECF No. 19) is **DENIED**.

IT IS FURTHER ORDERED that Casillas' motion to dismiss the petition for removal (ECF No. 17) is **DENIED**.

IT IS SO ORDERED.

DATED this 26th day of October, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

9